# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID ELDRIDGE, | ) |
|       Plaintiff, | ) |
| v. | )     No. 1:14CV153 ACL |
| BUTLER COUNTY JAIL, | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and grant plaintiff's motion to proceed in forma pauperis without assessing a filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.[1] Named as the sole defendant in this action is the Butler County Jail.

Plaintiff asserts that prior to his incarceration, he was engaged in an altercation and he suffered an injury to his jaw. He states that his parole officer believed he had violated his parole, so he sought to revoke his parole and had him taken to the Butler County Jail. Plaintiff states that when he was taken to the Jail, he "filled out medical request forms, but they did nothing." He also complains that his clothes and his wallet with his identification and important papers were taken from him when he entered the Jail. Plaintiff requests monetary damages from the Jail, as well as an X-ray of his jaw, and return of his property.

## Discussion

The sole defendant in this action is the Butler County Jail. Unfortunately, plaintiff's claims are subject to dismissal because the Jail is not a suable entity. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no initial partial filing fee will be assessed at this time as plaintiff is no longer incarcerated.

---

[1] At the time he filed this action, plaintiff was incarcerated at the Wayne County Jail. Plaintiff has since notified the Court that he was released from confinement.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26<u>th</u> day of November, 2014.

                                                */s/ Stephen N. Limbaugh, Jr.*
                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE